IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AEROTEK, INC., | No. 4:24-CV-0804 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| RIVER RUN FOODS INC., | |
| Defendant. | |

MEMORANDUM OPINION

FEBRUARY 4, 2025

## I. BACKGROUND

This case was initially filed by Plaintiff, Aerotek, Inc. ("Aerotek"), against Defendant, River Run Foods, Inc. ("River Run Foods"), on May 14, 2024.[1] For the past eight months, Defendant has failed to appear before this Court at all. Plaintiff moved for entry of default on September 10, 2024, and default was subsequently entered by the Clerk of Court.[2] Then, Aerotek moved for default judgment on October 22, 2024.[3] The Court ordered supplemental briefing on November 12, 2024 and provided Defendant with the opportunity to respond. River Run Foods refused to respond; therefore, the motion is now ripe for disposition. For the reasons that follow, the motion is granted.

---

[1] Doc. 1 (Compl.).
[2] Doc. 6 (Motion for Entry of Default); Doc. 7 (Clerk's Entry of Default).
[3] Doc. 8 (Motion for Default Judgment).

## II.   DISCUSSION

### A.   Default Judgment Standard

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[4] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[5] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[6] It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[7]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[8] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a

---

[4] FED. R. CIV. P. 55(b)(2).
[5] *Kibbie v. BP/Citibank*, No. 3:CV-08-1804, 2010 WL 2573845, at *2 (M.D. Pa. June 23, 2010).
[6] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[7] *Pesotski v. Summa & Lezzi, Inc.*, No. 1:17-cv-00221, 2017 WL 3310951, at *2 (M.D. Pa. Aug. 3, 2017) (Kane, J.).
[8] *Cahmberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

motion to set aside the default judgment under Rule 55(c)."[9] In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[10]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment. First, Aerotek would be prejudiced by its "current inability to proceed with [its] action due to Defendant['s] failure to defend."[11] River Run Foods' decision to not appear before this Court would prevent Plaintiff from recovering any damages for its claim. Similarly, the second factor points in favor of the grant of default judgment. "Defendant has not responded to the allegations and, thereby, has failed to assert a defense."[12] Finally, there does not appear to be any excuse for Defendant's failure to appear or otherwise respond to Plaintiff's complaint. Aerotek submitted the executed summons to the Court indicating that service occurred on June 27, 2024.[13] Having received service, River Run Foods has yet to respond or appear in this action. Because Defendant has offered no explanation for its failure to engage in the litigation, the Court finds that River Run Foods is culpable.[14] Therefore, default judgment is appropriate under these circumstances.

---

[9] *Deutsche Bank Nat. Trust Co. v. Strunz*, No. 1:17-cv-00221, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013) (Kane, J.).
[10] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).
[11] *Broad. Music, Inc. v. Kujo Long, LLC*, No. 1:14-cv-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (Kane, J.).
[12] *Pesotski*, 2017 WL 3310951, at *2.
[13] Doc. 5 (Executed Summons).
[14] *See Laborers Local Union 158 v. Shaffer*, No. 1:CV-10-1524, 2011 WL 1397107, at *1 (M.D. Pa. Aug. 13, 2011) (Kane, J.).

A finding that default judgment is warranted, however, "is not the end of the inquiry."[15] First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[16] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[17] Plaintiff's complaint asserts the following two claims against River Run Foods: breach of contract and unjust enrichment. The Court now considers whether the allegations in the complaint, taken as true, state these claims.

### B. Facts Alleged in the Complaint

On August 20, 2021, River Run Foods entered into an agreement with Aertoek to obtain staffing services ("the Services Agreement").[18] Aerotek "recruited contract staff to work at [River Run Foods] sites under" Defendant's "direction and supervision;" in exchange for these staffing services, River Run Foods agreed to pay Aerotek.[19] Aerotek "submitted invoices and other proof of the work performed" to River Run Foods, with full payment due within fifteen days of receipt of an invoice.[20] Aerotek continued to provide River Run Foods with services despite Defendant's

---

[15] *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-CV-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016) (Caldwell, J.).
[16] *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008).
[17] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[18] Doc. 1 (Compl.) ¶ 9.
[19] *Id.* ¶¶ 10-11.
[20] *Id.* ¶¶ 13-14.

failure to pay.[21] Plaintiff has also made multiple demands on River Run Foods for payment of the outstanding balance.[22]

### C. Causes of Action

#### 1. Breach of Contract

Under Pennsylvania law, a breach of contract claim "contain[s] three [elements]: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'"[23] Here, the Complaint alleges all three elements. The essential terms of payment have been properly alleged by incorporating the Services Agreement into the Complaint itself. Next, the Complaint alleges that River Run Foods has breached this agreement by failing to pay for the services provided as documented through the attached invoices. Finally, damages have clearly resulted from this breach: the loss of payment.

#### 2. Unjust Enrichment

"A claim for unjust enrichment is 'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'"[24] To plead unjust enrichment in the alternative, "a dispute about the existence or validity of [the contract"

---

[21] *Id.* ¶ 16.
[22] *Id.* ¶ 18.
[23] *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).
[24] *Holovich v. Progressive Specialty Ins. Co.*, 600 F. Supp. 3d 572, 582 (E.D. Pa. 2022) (quoting *Benefit Tr. life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985)).

must exist.[25] A valid contract exists here; as such, Aerotek "may only pursue [its] rights under the contract."[26]

### D. Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Aerotek is entitled to. Aerotek seeks $184,112.45 as the principal balance; $15,344 in attorneys' fees; pre-judgment interest amounting to $20,242.69, increasing by $30.26 from September 11, 2024 and the entry of judgment; and post-judgment interest calculated at the legal rate.

#### 1. The Principal Amount

The principal balance sought by Aerotek is $184,112.45. Attached to the Complaint and Motion for Default Judgment are invoices for services provided to River Run Foods totaling to $198,752.12.[27] In its supplemental brief, Plaintiff asserts that Defendant made partial payments amounting to $20,248.12 and included additional invoices totaling to $5,608.45.[28] However, scrutiny of these documents suggests a different story.

The total amount owed, before any payments, is $204,360.57, comprised of the $198,752.12 in the invoices attached to the Complaint and $5,608.45 in the additional invoices. As this amount exceeds the principal balance claimed by Plaintiff, it also

---

[25] *Id.* at 583.
[26] *Id.* at 584.
[27] Doc. 1 (Compl.), Ex. B (Invoices).
[28] Doc. 12 (Supplemental Brief), Ex. B (River Run Foods Account Activity) and Ex. C (Additional Invoices).

provided evidence of partial payments made by River Run Foods.[29] The accounting statements in Exhibit B identify three separate Item IDs: OC16022250; OC16036451; and OC16334374.[30] Each of these is discussed separately below.

### a. OC16022250

Under Item ID OC16022250, the following activity occurred: a charge for $14,152.39 was posted on October 29, 2022; a credit of $14,152.39 was posted on March 15, 2023; another charge of $14,152.39 was posted on May 24, 2023; a credit of $3,249.06 was posted on November 16, 2023; a credit of $2,500.00 was posted on December 21, 2023; and another credit of $2,500.00 was posted on January 6, 2024.[31] Based on this activity, Aerotek correctly identified that Defendant made payments totaling $8,249.06, leaving $5.903.33 unpaid from the charges associated with Item ID OC16022250.[32]

### b. OC16036451

Item ID OC16036451 has the following activity associated with it: a charge of $26,223.38 posted on November 5, 2022; a credit of $16,596.67 posted on March 15, 2023; and another credit of $9,626.71 posted on March 25, 2023.[33] Based on these entries, it appears that Defendant made payments totaling to the full amount owed: $26,223.38.[34] For some reason, Aerotek's internal records contend that $16,596.67

---

[29] Doc. 12 (Supplemental Brief), Ex. B (River Run Foods Account Activity).
[30] Id.
[31] Id.
[32] Id. See also Doc. 12 (Supplemental Brief), Ex. A (Aerotek Accounting Chart).
[33] Doc. 12 (Supplemental Brief), Ex. B (River Run Foods Account Activity).
[34] Id.

remains as a balance for this Item ID.[35] As the records containing the account adjustments do not reflect that conclusion, I will excise from the principal balance $16,596.67.[36]

### c.    OC16334374

Finally, Item ID OC16334374 has the following activity associated with it: a charge of $3,147.79 that posted on March 25, 2023 and a credit of $2,372.35 that posted on April 11, 2023.[37] This leaves an unpaid balance of $775.44.[38]

Consequently, I conclude that $167,515.78 is the principal balance owed to Aerotek. This figure represents the $204,360.57 in invoices minus the $36,844.79 in payments made by River Run Foods.

### 2.    Attorneys' Fees and Associated Costs

"'Pennsylvania law does not allow awards for attorneys' fees in suits for ordinary breach of contract … unless there is express statutory authorization, a clear express agreement of the parties[,] or some other established exception.'"[39] The Services Agreement clearly contemplates the recovery of attorneys' fees and associated costs.

"When a party seeks to shift attorneys' fees and costs in a breach-of-contract case under a contractual provision subject to Pennsylvania law, a trial court may consider

---

[35] Doc. 12 (Supplemental Brief), Ex. A (Aerotek Accounting Chart).
[36] Doc. 12 (Supplemental Brief), Ex. B (River Run Foods Account Activity).
[37] *Id.*
[38] *Id.*
[39] *Zurich Am. Ins. Co. v. Sunshine Trucking, LLC*, No. 5:20-cv-04481-JMG, 2021 U.S. Dist. LEXIS 42507, at *5 (E.D. Pa. Mar. 8, 2021) (quoting *Canters Deli Las Vegas, LLC v. FreedomPay, Inc.*, 460 F. Supp. 3d 560, 574 (E.D. Pa. 2020)).

the reasonableness of the fees requested and 'reduce the fees claimed if appropriate.'"[40] "[A]s a general rule, the method of determining reasonable attorneys' fees under fee-shifting provisions in Pennsylvania is the lodestar approach, whereby the lodestar figure may be adjusted, in the discretion of the trial court[.]"[41] "Under this approach, a court calculates reasonable attorneys' fees by multiplying 'reasonable hours' by 'a reasonable [hourly] rate.'"[42] "The party seeking attorneys' fees bears the burden to prove that its request is reasonably by 'submit[ting] evidence supporting the hours worked and rates claimed.'"[43]

The invoices submitted by Plaintiff meet their burden of production regarding their requested hours. My review of the documentation indicates that the work performed was necessary and relevant to the case. But Aerotek failed to submit any documentation in support of its requested hourly rates. As I recently established reasonable market rates for experienced attorneys in North Central Pennsylvania in *Holmes v. American HomePatient, Inc.*, I will use the range of $230 to $375 to award

---

[40] *Branch Banking & Trust Co v. Angino*, 809 F. App'x 102, 103 (3d Cir. 2020) (quoting *McMullen v. Kutz*, 985 A.2d 769, 776-77 (Pa. 2009)).
[41] *Id.* (quoting *Krebs v. United Ref. Co. of Pa.*, 893 A.2d 776, 790 (Pa. Super. Ct. 2006)).
[42] *Id.* (quoting *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 11 n.2 (Pa. 2011)).
[43] *Norristown On-Site, Inc. v. Reg'l Indus.*, 2021 WL 5711824, 2021 U.S. Dist. LEXIS 230574, at *23 (M.D. Pa. Dec. 2, 2021) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

Aerotek's attorneys' fees.[44] As I noted in *Holmes*, associates will receive a lesser hourly rate.[45] The four attorneys involved in this case are evaluated separately below.[46]

### a.    Michael A. Zito

Michael A. Zito is the Co-Chair of Shook, Hardy & Bacon's Business Litigation Practice Group; he previously served as a trial attorney at the Federal Trade Commission, an Assistant Attorney General at the Missouri Attorney General's Office, and in the United States Army Reserves in Judge Advocate General's Corps, Infantry and Transportation units.[47] He is experienced in complex commercial litigation, representing creditors in bankruptcy proceedings and enforcement actions, and litigating commercial disputes with suppliers.[48] Based on this background, I find it appropriate to use the maximum hourly rate, $375, for Zito despite the relative simplicity of the tasks performed in this case.

### b.    Zachary L. Chaffee-McClure

Zachary L. Chaffee-McClure graduated from the Washburn University School of Law in 2007.[49] He is an experienced litigator who has previously defended class

---

[44] *Holmes v. American HomePatient, Inc.*, 4:21-cv-01683, 2025 WL 321829, 2025 U.S. Dist. LEXIS 14627, at *22 (M.D. Pa. Jan. 28, 2025).
[45] *Id.*
[46] As no information is provided on these attorneys, I turned to their biographies on Shook, Hardy & Bacon's website.
[47] *Michael A. Zito*, SHOOK, HARDY & BACON, https://www.shb.com/professionals/z/zito-michael (last accessed January 31, 2025).
[48] *Id.*
[49] *Zach Chaffee-McClure*, SHOOK, HARDY & BACON, https://www.shb.com/professionals/c/chaffeemcclure-zach (last accessed January 31, 2025).

actions and other mass litigation in several industries.[50] After considering his level of experience and the uncomplicated nature of this dispute, I conclude an hourly rate of $350 is appropriate for Chaffee-McClure.

### c. Minha Jutt

Minha Jutt joined Shook, Hardy & Bacon in 2023 as an associate;[51] she graduated from the University of Kansas School of Law as a member of the Order of the Coif.[52] Jutt also completed a federal judicial clerkship in the United States District Court for the District of Kansas.[53] Her practice focuses on business litigation matters.[54] Given her level of experience, I will calculate Jutt's fees using an hourly rate of $165.

### d. Frantz J. Duncan

Frantz J. Duncan graduated from the Rutgers University Law School in 2016.[55] He is currently an associate in Shook, Hardy & Bacon's General Liability Litigation Practice.[56] His practice includes, in relevant part, contract disputes.[57] Duncan's prior experience includes working at several private law firms, serving as an Assistant Public Deputy Defender in the New Jersey Office of the Public Defender, and completing two

---

[50] *Id.*
[51] *Shook Announces Annual Fall Associates Class – 23 for '23*, SHOOK, HARDY & BACON, https://www.shb.com/news/2023/09/fall-associates-class-of-2023 (last accessed January 31, 2025).
[52] *Minha Jutt*, SHOOK, HARDY & BACON, https://www.shb.com/professionals/j/jutt-minha (last accessed January 31, 2025). No graduation year is listed for Jutt. *Id.*
[53] *Id.*
[54] *Id.*
[55] *Frantz J. Duncan*, SHOOK, HARDY & BACON, https://www.shb.com/professionals/d/duncan-frantz (last accessed January 31, 2025).
[56] *Id.*
[57] *Id.*

judicial clerkships, one in the United States District Court for the District of New Jersey and one in the Superior Court of Union County New Jersey.[58] Given this level of experience, I conclude that Duncan's appropriate hourly rate is $195.

### e.    Calculation of the Fees

Using these revised hourly rates, I award Aerotek $10,996.00 in attorneys' fees, as reflected in the table below, and $595.00 in associated costs.

| Attorney | Hourly Rate | Hours | Total Fee |
|---|---|---|---|
| Michael A. Zito | $375.00 | 6.9 | $2,587.50 |
| Zachary L. Chaffee-McClure | $350.00 | 14 | $4,900.00 |
| Minha A. Jutt | $165.00 | 13.7 | $2,260.50 |
| Frantz J. Duncan | $195.00 | 6.4 | $1,248.00 |

### 3.    Pre-Judgment Interest

Under Pennsylvania law, Aerotek is also entitled to pre-judgment interest in a breach of contract case calculated at a simple interest rate with a rate of six percent per year.[59] The "prerequisites to [the running] of pre-judgment interest" are satisfied as "the debt [has] been liquidated with some degree of certainty and the duty to pay it [has] become fixed."[60] "This right accrues 'starting from when the amount due under the

---

[58] *Id.*
[59] *Spang & Co. v. USX Corp.*, 559 A.2d 978, 983 (Pa. Super. 1991); 41 P.S. § 202.
[60] *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 264 (Pa. 2012). Further, both parties knew the exact amount owed as it is based upon the unpaid invoices for the River Run Foods account.

contract was initially withheld.'"[61] Here, Aerotek requested pre-judgment interest in the amount of $20,242.69, plus an additional amount accruing at a daily rate. As this amount is based on a larger principal balance, Aerotek shall have fourteen days from the date of this Memorandum Opinion and the accompanying Order to submit documentation concerning the calculation of pre-judgment interest on a principal balance of $167,515.78.

### 4. Post-Judgment Interest

For post-judgment interest, this Court applies Title 28 U.S.C. § 1961. To do so, I calculate the rate "from the date of the entry of the judgment," and then set the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."[62] This rate will be dependent on the week final judgment is entered in this case.

## III. CONCLUSION

Plaintiff is entitled to recover $167,515.78 as the principal balance owed, $10,996.00 in attorneys' fees, $595.00 in associated costs, pre-judgment interest on the principal balance owed,[63] and post-judgment interest calculated at the legal rate.

---

[61] *Domus BWW Funding, LLC v. Arch Ins. Co.*, 2024 U.S. Dist. LEXIS 197826, at *3 (E.D. Pa. Oct. 31, 2024) (quoting *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 172 (3d Cir. 2010)).
[62] 28 U.S.C. § 1961(a).
[63] Again, Aerotek shall have fourteen days from the date of this Memorandum Opinion and the accompanying Order to submit appropriate documentation calculating the pre-judgment interest on the reduced award of $167,515.78.

13

As I requested additional calculations from Aerotek, I will defer entry of final judgment in this case till then.

    An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
